**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Cameron ALLEN, Defendant–
Appellant.**

**No. 15–1553.**

United States Court of Appeals,
Eighth Circuit.

Submitted: July 28, 2015.

Filed: July 31, 2015.

Dustin S. Roberts, U.S. Attorney's Office, Fort Smith, AR, Benjamin Wulff, U.S. Attorney's Office, Texarkana, AR, for Plaintiff–Appellee.

Jose Alfaro, Assistant, Federal Public Defender's Office, Fayetteville, AR, for Defendant–Appellant.

Cameron Allen, Seagoville, TX, pro se.

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

PER CURIAM.

Cameron Allen appeals the below-Guidelines-range sentence the district court[1] imposed, after he pled guilty to knowingly accessing a facility of interstate commerce with the intent to view images of child

1. The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

pornography. His counsel has moved to withdraw, and has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), challenging the substantive reasonableness of Allen's sentence. Allen has not filed a supplemental brief.

Upon careful review, we conclude that the 24-month prison term imposed by the district court, which represented a substantial downward variance, is not unreasonable under the totality of the circumstances. *See United States v. Feemster,* 572 F.3d 455, 461–62 (8th Cir.2009) (en banc) (describing appellate review of sentencing decisions); *see also United States v. Lazarski,* 560 F.3d 731, 733 (8th Cir. 2009) (it is "nearly inconceivable that the court abused its discretion in not varying downward still further"). In addition, we have independently reviewed the record in accordance with *Penson v. Ohio,* 488 U.S.

75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and have found no non-frivolous issues for appeal.

Accordingly, we affirm. As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.